UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LUCAS ROBERT-JAY MANN,

    Plaintiff,

    v.      CAUSE NO. 3:22-CV-839-RLM-MGG

MILLER, et al.,

    Defendants.

OPINION AND ORDER

Lucas Robert-Jay Mann, a prisoner without a lawyer, is proceeding in this case "against Sgt. Miller, Property Officer Davis, and Lt. Rojo in their individual capacities for monetary damages for subjecting him to excessive force on March 21, 2022, in violation of the Eighth Amendment[.]" ECF 8 at 7. On March 14, the defendants filed a motion for summary judgment, arguing that Mr. Mann didn't exhaust his administrative remedies before filing suit. With the motion, the defendants provided Mr. Mann the notice required by N.D. Ind. L.R. 56-1(f) and attached a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Under Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed almost two months ago, but Mr. Mann hasn't responded. Therefore the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners can't bring an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). Courts take a "strict compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006, so "a prisoner must file complaints and appeals in the place, and

at the time, the prison's administrative rules require.", 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants provide an affidavit from the prison's grievance specialist, who attests to the following facts:[1] Under IDOC policy, an offender must file a grievance within ten business days from the date of the incident giving rise to the complaint. ECF 26-1 at 7. If there are extenuating circumstances that prevent the offender from submitting a grievance form within the time frames, the offender can request a time limit extension by documenting and submitting the reason for the delay. *Id.* at 7-8. The grievance office received a grievance from Mr. Mann on September 15, 2022, complaining the defendants used excessive force against him on March 21, 2022. *Id.* at 6. Mr. Mann's September 15 grievance contained no explanation as to why it was being filed more than five months after the alleged incident. *Id.* at 7. The grievance specialist rejected the September 15 grievance as untimely. *Id.* The Offender Grievance Process allowed Mr. Mann to revise and resubmit his rejected September 15 grievance with an explanation for its untimely filing, but Mr. Mann didn't do so. *Id.* at 7-8.

Because it is undisputed Mr. Mann did not submit any timely grievance related to his claim against the defendants, and Mr. Mann provides no evidence his administrative remedies were in any way unavailable, the defendants have met their

---

[1] Because Mr. Mann hasn't responded to the defendants' summary judgment motion, the court accepts the grievance specialist's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

burden to show Mr. Mann didn't exhaust his available administrative remedies prior to filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 26); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Lucas Robert-Jay Mann and to close this case.

SO ORDERED on June 8, 2023

s/ Robert L. Miller, Jr.<br>
JUDGE<br>
UNITED STATES DISTRICT COURT